UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| DR. JAMES G. HOOD, D.D.S., M.S., P.S., a Washington corporation, | ) ) ) | NO. CV-06-0296-LRS |
| Plaintiff, | ) ) ) | **ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| -vs- | ) ) | |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) ) | |

**BEFORE THE COURT** is the United States of America's motion for summary judgment(**Ct. Rec. 19**). With the benefit of a detailed examination of the pleadings and declarations submitted by all parties as well as the relevant case law, this Court finds that the United States is entitled to summary judgment dismissal of Dr. Hood's appeal.

## I. BACKGROUND

The Internal Revenue Service sent Plaintiff a Notice of Intent to Levy Plaintiff's unpaid employment taxes for the years 2000 through 2005, which amounted to a sum of $210,470.03,[1] on March 2, 2006. Along with that notice, Dr. Hood was sent a notice of his right to a hearing concerning the Notice of Intent to Levy. Dr. Hood filed a timely appeal challenging the Intent to Levy on the following grounds: 1) Dr. Hood's bookkeeper embezzled money on or before October 12, 2005, which caused

---

[1]Plaintiff argues that approximately $171,112.19 of this amount has been paid by third party insurance companies. Ct. Rec. 23 at 8. Even using Plaintiff's figure, this Court upholds the IRS levy.

ORDER - 1

the tax payments to be delinquent; 2) there was a collection alternative to the levy; and 3) the execution of a levy would have an adverse impact on Dr. Hood's ability to obtain financing or make other arrangements to pay the tax liabilities and his other bills.

As noted above, Dr. Hood appealed the Notice of Intent to Levy by timely requesting a due process hearing. Plaintiff listed three reasons for requesting the hearing: 1) other collection actions were available; 2) employees had embezzled from Plaintiff in 2005; and 3) a levy would create financial hardship. IRS Appeals Officer Jim Kolokotrones presided over the hearing. In preparation for the hearing, Dr. Hood was asked to provide updated financial documents including tax returns in order to demonstrate that he was current with his tax liabilities. Plaintiff did not possess documents showing that he was current with respect to his tax liabilities nor could he show that he had filed all tax returns and/or provide proof that federal tax deposits had been timely made. On September 26, 2006, the Appeals Office issued Dr. Hood a Notice of Determination Concerning Collection Action under 26 U.S.C. §6320 and 26 U.S.C. §6330, which notified Plaintiff that the hearing officer sustained the levy.

Plaintiff began this current lawsuit under 26 U.S.C. § 6330(d)1 seeking judicial review of the IRS's decision to sustain the levy. Dr. Hood argues that 1) no tax levy be made against him; 2) he should be allowed sufficient time to determine the extent of damage caused by an employee's embezzlement in 2005; and that 3) the IRS agree to a payment

ORDER - 2

plan from which Dr. Hood could repay his debts. In a Request for a Collection Due Process Hearing (CDP) case in which the amount of the underlying tax liability is not at issue, the trial court and the court of appeals review the determination of the Internal Revenue Service (IRS) appeals officer for abuse of discretion. 26 U.S.C.A. § 6330.[2]

The sole issue before the court at bar is whether the IRS Appeals Officer abused his discretion when he sustained the IRS administrative levy. He did so on the grounds that plaintiff's proposed collection alternative of having a majority of the corporation's shareholders who are in bankruptcy ask for permission from the bankruptcy court to make a substantial but less than full payment to the IRS was not a feasible alternative, that Dr. Hood failed to make timely federal tax deposits, and that additional employment tax liabilities were being incurred. For the reasons described below, this Court finds that the hearing officer did not abuse his discretion. Therefore, the Appeals Officer's finding stands, and this case against the IRS is dismissed.

**II. DISCUSSION**

**A. Legal Standards**

1. Summary Judgment Standard

Under Rule 56C), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together

---

[2]Plaintiff further argues in opposition to the IRS's motion for summary judgment that the declaration and records submitted by Kara Larson, the government's attorney is inadmissible hearsay. Ct. Rec. 23 at 1-3. The Court rejects this argument, noting that the documents are properly authenticated by the trial attorney assigned to the case.

ORDER - 3

with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56c).  In ruling on a motion for summary judgment the evidence of the non-movant must be believed, and all justifiable inferences must be drawn in the non-movant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 2513 (1986).  However, when confronted with a motion for summary judgment, a party who bears the burden of proof on a particular issue may not rest on its pleading, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact which requires trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). The party must do more than simply "show there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586(1986) (footnote omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.' "  *Id*. at 587.

This court's function is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.  There is no issue for trial "unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party."  *Anderson*, 477 U.S. at 249.  Summary judgment must be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

2. Collection Due Process Hearings (CDPs)

As part of the IRS Restructuring and Reform Act of 1998, Pub.L. 105-206, § 3401, 112 Stat. 685, 746, Congress enacted Code sections 6320 (pertaining to lien notices) and 6330 (pertaining to levies) to provide due process protection for taxpayers in collection matters.

26 U.S.C. § 6330(a) generally requires the IRS to provide written notice to the taxpayer of its intent to levy on the taxpayer's property at least 30 days prior to the levy. The IRS also must inform the taxpayer of his right to a hearing with the Appeals Office, which must be requested within 30 days from the date of the notice. 26 U.S.C. §§ 6330(a)(3)(B) and 6330(b). An appeal hearing shall be held before an IRS Appeals Officer who is impartial and has had no prior involvement with the case. 26 U.S.C. §§ 6330(b)(1) and (b)(3).

26 U. S. C. § 6330(c) details the matters that may be raised by a taxpayer at an Appeals Office due process hearing. In general, the taxpayer may raise at the collection due process hearing "any relevant issue relating to the unpaid tax or the proposed levy," including "challenges to the appropriateness of collection actions" and "offers of collection alternatives," such as installment payment agreements and offers in compromise. 26 U.S.C. §§ 6330(c)(2)(A)(ii) and (iii). The taxpayer, may challenge "the existence or amount of the underlying tax liability" only "if he did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." 26 U.S.C. § 6330(c)(2)(B).

ORDER - 5

While conducting the CDP hearing the Appeals Officer is required to obtain verification that "the requirements of any applicable law or administrative procedure have been met under 26 U.S.C. §6330 c 1." The final determination Appeals Officer shall take into consideration the following: verification that applicable law and applicable administrative procedures have been met, the issues raised by the taxpayer in his defense, and "whether any proposed collection action balances the need for efficient collection of taxes with the legitimate concern of the person that the collection action be no more intrusive than necessary." 26 U.S.C. §6330 c 3 c.

**B. Dr. Hood's Case**

In the case at bar, it is clear that the due process requirements of the notice and hearing were met. Dr. Hood does not dispute that he received adequate notice of the intended levy, that he requested a due process hearing within the proper time limits, and that such a hearing was held before an appeals officer who did not have prior knowledge of the case before the hearing. Instead, Dr. Hood disagrees with the Appeal Officer's conclusions sustaining the IRS levy arguing that embezzlement caused him not to be current with his tax liabilities, and therefore, he is not responsible for failing to file. However, case law demonstrates that embezzlement or delegating the responsibility to file taxes to another does not constitute reasonable cause for failing to pay tax liabilities. *See Huffman v. Carter*, 317 F.Supp.2d 816, 820 (S.D. Ohio 2004). *See also U.S. v. Boyle*, 469 U.S. 241, 252 (1985). In Boyle, the

ORDER - 6

Supreme Court affirmed the grant of summary judgment to the IRS upholding imposition of the penalties.  In so doing, the high Court held that a taxpayer's "failure to make a timely filing of a tax return is not excused by the taxpayer's reliance on an agent, and such reliance is not reasonable cause for a late filing under § 6651(a)(1)."  *Id* at 252.

  Next, Dr. Hood argues that the Appeal Officer erred by not accepting Plaintiff's alternative to a levy, which consisted of refinancing his personal residence to pay the tax liabilities.  The Hearing Officer rejected this option because Plaintiff's majority shareholders have filed for bankruptcy.  *See Complaint* at ¶4.2.  Therefore, in order to refinance the personal property interests, the shareholders would have to receive permission from the bankruptcy court to obtain post-petition financing.  Because the option required bankruptcy court approval, this was not a feasible alternative to a levy in Dr. Hood's case.  In addition, at the time of the CDP hearing, Dr. Hood was not currently making installment payments on the past due taxes as is required by IRS regulations to qualify for an installment plan option.  Therefore, a lengthy repayment plan, which is what Dr. Hood proposed during the collection due process hearing, was not a feasible alternative, either.  *See Reid & Reid Inc v. United States*, 366 F. Supp.2d 284 (D. Maryland 2005).  In addition, Dr. Hood was also falling behind in his current taxes, as well as his past due taxes, a situation known as "pyramiding."  When this occurs, a repayment plan is not advised.

///

ORDER - 7

Dr. Hood's last argument is that the execution of an IRS levy would adversely impact Plaintiff's ability to obtain financing or make other arrangements to pay his tax and other liabilities. However, the Appeals Officer is not required to take this into account when deciding whether to sustain a levy. *See Medlock v. United States*, 325 F.Supp.2d 1064 (C.D. Calif. 2003).

Reviewing the record in its entirety, this Court agrees with the IRS that the Appeals Officer effectively balanced the need for efficient collection of the taxes with the legitimate concerns held by Dr. Hood that the collection action not be anymore intrusive than necessary. For these reasons, the Court affirms the Appeals Officer determination set forth in the September 26, 2006 Notice of Determination.

**IT IS SO ORDERED**. The District Court Executive is directed to file this Order and provide copies to counsel, **ENTER JUDGMENT IN FAVOR OF THE IRS**, and **CLOSE THE FILE**.

**DATED** this 21st day of November, 2007.

*s/Lonny R. Suko*

LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

ORDER - 8